# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BIOZONE LABORATORIES, INC, a California corporation, and FERNDALE LABORATORIES, INC., a Michigan corporation,

                Plaintiffs,

v.

RIVER'S EDGE PHARMACEUTICALS, LLC, a Georgia limited liability company, and HARMONY LABS, INC., a North Carolina corporation,

                Defendants.
_____/

CASE NO. 04-60218

HON. MARIANNE O. BATTANI

## ORDER DENYING DEFENDANT RIVER'S EDGE PHARMACEUTICALS, LLC'S MOTION FOR RECONSIDERATION

Before the Court is Defendant River's Edge Pharmaceuticals, LLC.'s (River's Edge) Motion for Reconsideration of the Court Order Granting Defendant's Motion to Dismiss Complaint and Granting Plaintiff Biozone Laboratories, Inc. Leave to Amend Complaint (Doc. # 29). Defendant argues that the Court must dismiss Plaintiff Biozone because it lacks standing to sue for patent infringement because it is a nonexclusive licensee. Because Defendant fails to demonstrate a palpable defect by which the Court has been mislead, its motion is DENIED.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. A motion for reconsideration which merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Czajkowski v.

Tindall & Associates, P.C., 967 F.Supp. 951, 952 (E.D.Mich. 1997).  A party moving for reconsideration bears a heavy burden.  Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D.Mich.1998).  In order to prevail, the movant must demonstrate (1) the Court and the parties have been mislead by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  L.R. 7.1(g)(3).  A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain.  Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D..Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

In its request that the Court dismiss the complaint, River's Edge noted that Mezei Associates (Mezei), the patent owner was not a party to the law suit.  It asserted that Biozone's assertion that it was an exclusive licensee without joining Mezei was insufficient to give it standing.  Defendant sought dismissal based on Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 19, failure to join an indispensable party.

The Court agreed with Defendant that Mezei must be joined.  At the hearing, Biozone represented to the Court that Mezei had agreed to join the litigation.  Consequently, the Court granted Biozone leave to amend its Complaint.  Biozone promptly filed a First Amended Complaint.

Defendant moves for reconsideration, arguing that Biozone lacks standing to sue for patent infringement because it is a nonexclusive licensee.  Defendant correctly articulates the law of standing and there is no dispute that in the area of patent infringement if the original plaintiff lacks Article III standing, the suit must be dismissed, and further, that standing is assessed at the time the law suit is filed. If however, the original plaintiff had Article III standing, any prudential standing concerns may be overcome by adding a Plaintiff with proper standing.  Mentor H/S, Inc. v. Med. Device Alliance, Inc., 240 F.3d 1016, 1018-19 (Fed. Cir. 2001).

As noted in <u>Eyeticket Corp v. Unisys Corp.</u>, 155 F.Supp.2d 527, 536 (E.D. Va. 2001), "[a]n infinite range of contractual possibilities exist that fall short of a complete assignment of all right under the patent, and the Federal Circuit has constructed several broad categories to classify the standing of such licensees to sue for infringement under Section 281."  At the lowest end of the continuum is a bare licensee with no standing to sue; at the highest is the assignee, who receives all rights under the patent. <u>Id.</u>  Here, Biozone has all of the rights to two of the compounds listed in the patent, and arguably the implied right to exclude others from the remaining compounds listed in the patent.  It also has the right to manufacture, use and sell licensed products, which incorporates the entirety of the patent and the right to sue for infringement of all the patents, including the '078 patent.license.  A limitation to a particular field of use does not  Despite the Court's inartful characterization of Biozone as a non-exclusive licensee, rather than an exclusive licensee with less than all substantial rights, the pleadings reflect that Biozone holds some of the proprietary interest in the patent.  Consequently, it is free to sue provided Mezei is joined as a co-plaintiff:  joining Mezei is a prudential rather than a constitutional concern.  <u>Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif., Inc.</u>, 248 F.3d 1333, 1345 (Fed. Cir. 2001).

 Accordingly, Defendant's motion is DENIED.

 IT IS SO ORDERED.


             s/Marianne O. Battani
             MARIANNE O. BATTANI
             UNITED STATES DISTRICT JUDGE


Dated: <u>August 9, 2005</u>

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to Laurie J. Michelson, Bernard J. Cantor and John E. Carlson on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>
Deputy Clerk